Edgewood Trucking Co.
vs. } No. 85583.
Edgewood Coal Co.

April 25, 1933.

POULIOT, J. After a jury had returned a verdict for the plaintiffs in the sum of $1,744.19, the defendants move for a new trial on the usual grounds.

The only question to be decided in this case is how much the defendants owe the plaintiffs, it being admitted by the defendants that there is something due the plaintiffs.

The plaintiffs set forth that on November 21, 1929, they entered into a contract in writing with the defendants, both parties being partnerships, and substantially carried out all its provisions, but that the defendants refused to go on with it in January or February, 1931, although the life of the contract was five years, and plaintiffs were prevented by the defendants' act from obtaining the benefits which would otherwise have accrued to them.

The defendants contend that they carried out the terms of the written agreement and that the plaintiffs were the ones who violated its provisions.

The first ground of defense is that the plaintiffs dissolved their partnership and that, under the provisions of paragraph six of the written agreement, the contract then terminated.

The provision in the contract reads: "and in the event of the dissolution of either of the said partnerships and the discontinuance of the respective businesses now conducted by the said partnerships, then at that time this agreement shall be considered at an end * * * *".

On September 19, 1930, Angelo Pagano, one of the members of the plaintiff partnership, for a consideration of $315, released his interest in the firm to the other two members. A written release was executed and attached to the original contract copies held by the two releasees. No copy of the release was attached to the contract copy held by the defendants. No mention of dissolution of partnership is made in the release.

From that date up to the final break between the parties in 1931, both the plaintiffs and the defendants continued to carry on the same business in the same way as before, but the defendants claim that, the plaintiff partnership having been dissolved by the retirement of one member and such dissolution having been made and explained to the plaintiffs as terminating the contract, their continuation of the business was terminable at will. The plaintiffs deny any dissolution, claiming their partnership is still in existence and that they have brought suit for the entire partnership, although there is a separate and personal agreement between themselves. They also deny that they were informed that the contract was terminated when the release was executed.

The jury evidently believed the plaintiffs on this point and the. Court cannot say that they were not warranted in so doing.

Further, by the sixth paragraph of the contract, in order to terminate it, it must appear not only that there is a dissolution but that there is with it a discontinuance of the business. The evidence shows that both businesses were carried on as before, so that there was no change made, by the giving of the release, in the benefits to be derived by either party to the contract.

The other defenses were with reference to provisions in the contract which were designed to protect the defendants from liability in certain ways. Admitting that plaintiffs did fail to give the defendants the protection required, no harm has come to the defendants from this failure nor has it affected any interest of the defendants one way or the other. As it has turned out, it would have made no difference if these protective provisions had not been inserted in the contract. If substantial performance is made, that is, if the defendants receive substantially the benefits which the contract contemplates, then they cannot complain of a harmless breach of some term or condition.

There is ample evidence in this case on the above mentioned points, as well as on the other disputed matters, upon which a jury could properly find for the plaintiffs.

Defendants claimed they owed plaintiffs $171.15, after deducting certain items which were disputed by the plaintiffs, for the last week's work. The plaintiffs claimed $284.45 for the same period.

In addition to what the jury would allow for such week's work, it had to determine how much damage the plaintiffs had suffered by reason of the defendants' breach of the contract.

Making the figures of the defendants, which are the lower, of the gross amount earned in one year by the defendants, that is, $5,985.43, and deducting the sum of $2,880, which plaintiffs say it cost them to conduct their business, we find the plaintiffs making a profit of some $2,100 per year, on a contract extending to November 21, 1934.

The jury's verdict of total indebtedness was $1,744.19. The Court believes that defendants are very fortunate in that the jury could have very well returned a verdict for a much larger sum under the evidence adduced.

There is nothing in this case which the Court finds should be changed. The verdict as rendered is approved.

Motion for new trial denied.

For plaintiff: Joseph G. LeCount.

For defendant: Fergus J. McOsker.